The opinion of the Court was delivered by
jSTott, J.
The opinion of the Court below was in .conformity with the decisions heretofore made in this Court. The case of John Spights v. John Holloway, Administrator *of J. Meggs,[1] was, in all its cir--*1481 cumstances, similar to the case now under consideration. Two questions were submitted to the Court in that case.
1. Whether the possession of the plaintiff, as administrator in right of his wife, of the personal property of Meggs, although no partition or distribution had been made, was not such a possession as to vest the share to which his wife would have been entitled, absolutely in him ?
2. Whether, if it did not, he was entitled to administration on his wife’s estate, and having thus acquired possession, whether he would be required to make distribution ?
The Court was of opinion, that the wife had no right which ever vested in possession. That her interest was merely a chose in action, which never vested in the husband. That he, therefore, was entitled only to come in under the Act of IT 91, and claim one third of his wife’s one third.
2. That before the Act of 1191, under the statute 22 & 23 Car. 2, c. 10,[2] and 29 Car. 2, c. 3, § 25,[3] the husband had a right to administer on his wife’s estate, and could not be compelled to make distribution. But that this right had been taken away by that Act, and that the husband and wife were placed upon the same footing, both as to the real and personal estate.
M’Duffie, for the motion. Glascock, contra.
Similar decisions have been made by the Court of Equity. See 3 Eq. Rep. 144, Administrator of Mary Byrne v. Administratrix of Thomas Stewart. Do. 160, Guardian of Eliza M. D. Elmes v. A Hughes. Do. 289, Administrators of Bunch v. Administrator of Hurst. And it is a matter of no little importance, that we preserve an uniformity of decisions between the two Courts.
I not only feel bound by these decisions, but am very well satisfied with the construction which has been given to the Act of 1191. The old law which subjected both the person and property of the wdfe to the absolute dominion of the husband; which even permitted him flagellis et fus-tibus acriter verberare *uxorem, was the offspring of a rude and barbarous age. The progress of civilization has tended to ameliorate the condition of women, and allow even to wives, something like personal identity. I never could see any good renson why they should not retain all their interest in personal as well as real estate. I am sensible of the mischiefs which might result from a divided empire. But the right of property is not necessarily connected with the right of sovereignty. I am disposed, therefore to protect and preserve the rights of the wife, as far as we can consistent with the rules of the law, and the •decisions of our Courts, provided we do not invade the prerogatives of the husband.
I am of opinion that the decision in this case ought to be supported, and that the motion should be discharged.
Colcook, Gantt, Johnson and Richardson, JJ., concurred.
See Verdier v. Hyrne, in Errors, 4 Strob. 464, and cases there cited; also, next case and note.

 1 Brev. 486.

 5 Stat. 162.

 2 Stat. 523, 529.